**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Parsley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 3764 |
| | ) | |
| CACH, LLC, a Colorado limited liability | ) | |
| Company, and Scott Lowery Law Office, | ) | |
| P.C., a Colorado professional | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Michael Parsley, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) one Defendant resides here and both Defendants

transact business here.

**PARTIES**

3.    Plaintiff, Michael Parsley ("Parsley"), is a citizen of the State of

Tennessee, from whom Defendant attempted to collect a delinquent consumer debt

owed for Metris credit card, despite the fact that he was represented by the legal aid

attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.      Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant CACH operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CACH was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant CACH is a bad debt buyer that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects by sending collection letters, calling the consumers on the phone, and by filing collection lawsuits.

6.      Defendant, Scott Lowery Law Office, P.C. ("Lowery"), is a Colorado professional corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Lowery operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Lowery was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.      Defendant CACH is authorized to conduct business in Illinois, and maintains a registered agents here, see, record from the Illinois Secretary of State,

2

attached as Exhibit A.  In fact, both Defendant CACH and Lowery conduct business in Illinois.

8.      Moreover, Defendant CACH is licensed as collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CACH acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

9.      Mr. Parsley has limited assets and income, and fell behind on paying his bills, including a debt he owed for Metris credit card.  At some point in time after that debt became delinquent, it was purchased by Defendant CACH, and when Defendants began trying to collect this debt from Mr. Parsley, by sending him collection letters, dated April 2, 2010 and May 20, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendants' collection actions.  Copies of Defendants' letters are attached as Group Exhibit C.

10.      Accordingly, on May 24, 2010, one of Mr. Parsley's attorneys at LACD informed Defendants, in writing, that Mr. Parsley was represented by counsel, and directed Defendants to cease contacting him, and to direct all further collection activities to his attorneys at LACD, because Mr. Parsley was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.      Nonetheless, during early June, 2010, Defendants continued to call Mr. Parsley to demand payment of the Metris debt, which caused Mr. Parsley's attorneys at LACD to again write to Defendants to inform them that the Defendants had to cease

3

communications.  Copies of this letter and fax confirmation are attached as Exhibit E.

Moreover, on June 15, 2010, and June 21, 2010, a debt collector for the Defendants,

"Marques", called LACD to negotiate with Mr. Parsley's attorneys a payment plan on the

debt.

12.     Accordingly, via a letter, dated June 21. 2010, Mr. Parsley's LACD

attorney made a revised offer to Defendants.  Copies of this letter and fax confirmation

are attached as Exhibit F.

13.      Nonetheless, on or about April 11, 2011, Defendants called Mr. Parsley,

from telephone number 866-202-0021, extension 1325, to demand that he pay the

Metris/CACH debt.

14.     Defendants' collection actions complained of herein – the June, 2010 and

April, 2011 phone calls -- occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer and continuing to demand payment after a direction to

cease communications.  See, 15 U.S.C. § 1692c(c).

18.     Here, the letters (Exhibits D, E and F) from Mr. Parsley's, attorney at

LACD, told Defendants to cease communications with Mr. Parsley.  By continuing to

4

communicate regarding this debt with Mr. Parsley, and demanding payment from him, Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew that Mr. Parsley was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendants, in writing (Exhibits <u>D</u>, <u>E</u> and <u>F</u>), that he was represented by counsel, and had directed Defendants to cease directly communicating with him.  By directly calling Mr. Parsley, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Michael Parsley prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Parsley, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Michael Parsley, demands trial by jury.

Michael Parsley,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  June 3, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com